JOHN N. LINK, COUNTY JUDGE, &c., vs. R. K. MURPHY.

SUPREME COURT, TYLER TERM, 1883.

*Bond for hire of a County Convict—Limitation.* The maxim of *nullum tempus occurrit regi* cannot be invoked by a county in a suit on a bond for the hire of a county convict. The statute of limitations of four years will bar an action brought upon such bond, if that period has elapsed from the maturity of the bond to the time o instituting the suit.

Appeal from Anderson County.

*W. O. Reeves* for appellant.

*T. J. Williams* for appellee.

Opinion by Hurt, J.

This suit was brought by John N. Link, county junge of Anderson county, upon a bond executed by R. K. Murphy and A. J. Wylie under the provisions of Arts. 1876 and 3604, Revised Statutes. The last payments, under the provisions of the bond, became due on the 18th day of May 1878, and this was shown by the petition. The appellees pleaded the statute of limitations of four years. This plea was sustained by the court, and the cause was dismissed. A motion

for new trial being overruled, the county judge appeals, and the ruling of the court upon this plea is the only assignment of error.

Did the court err in sustaining the plea ? It is urged with ability and plausibility by the county attorney who represents the appellant that the maxim *nullum tempus occurret regi* applies to suits for or by a county, and that therefore the court below erred in sustaining the plea.

We have examined this subject very closly, and from the investigation given it, we have concluded that in a case like the one at bar, this plea cannot be interposed. The case cited by appellant is not, we think, directly in point. In that case, Coleman vs. Thurmond, 56 Tex. 515, the title to land was involved, and the court holds that as the statute of ten years limitations could not be pleaded against the state, the county being a part, or subdivision of the state, it cannot be pleaded against the county. The case in hand is a suit for a certain amount of money due by bond, and to which the state has no claim whatever, it being the property of the county. To such a claim, can the statute be a bar ? While the reasoning in the case of Coleman vs. Thurmond might apply to this case, we do not believe that it was the intention of the court that it should. For we of the opinion, notwithstanding the want of harmony in the authorities upon this subject, that the great weight is in favor of the plea. City of Galveston vs. Menard, 23 Tex. 408; 10 Barb. 155; Angel on Highways p. 403 § 324; Armstrong vs. Dallas, 4 Dev. (N. C.) 568; 8 Ohio 258; 9 Shep. (Me.) 445; 2 Dillon Munic. Crop. § 637, 638.

It being conceded that four years from the maturity of bond had expired, and the defendants having the right to plead limitation, we are of the opinion that the court did not err in sustaining the plea and dismissing the suit. The judgment is affirmed.